FILED IN MY OFFICE
DISTRICT COURT CLERK
9/5/2014 2:52:48 PM
STEPHEN T. PACHECO
Joan Chernock

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

RANDY M. MARTINEZ,

      Plaintiff,

vs.                              Civil No. D-101-CV-2014-02023

COUNTY OF SANTA FE OF THE STATE OF NEW MEXICO,
The BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF SANTA FE, STATE OF NEW MEXICO, MARK CALDWELL,
in his individual capacity and official capacity as the WARDEN OF
THE SANTA FE ADULT DETENTION CENTER, MARK
GALLEGOS, in his individual capacity and official capacity as the
WARDEN OF THE SANTA FE ADULT DETENTION CENTER,
THE SANTA FE ADULT DETENTION CENTER, and JOHN DOES
1-10,

      Defendants.

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, NEGLIGENT TRAINING AND SUPERVISION AND DAMAGES

COMES NOW, the Plaintiff, Randy M. Martinez, by and through his attorney, Stephen M. Peterson, and for his cause of action states:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are property in the District Court of Santa Fe County, State of New Mexico because the acts and omissions complained of occurred within the County of Santa Fe and each individual party hereto is a resident of the County of Santa Fe or renders services or is employed in the County of Santa Fe, the Defendant Santa Fe County is the local governing authority o the County of Santa Fe, State of New Mexico. Plaintiff was a resident of the County of Santa Fe, States of New Mexico at all relevant times and presently resides in Rio Rancho, New Mexico. Defendant Santa Fe County, New Mexico, pursuant to Article X of the

Constitution of the State of New Mexico, is a lawfully and duly formed political subdivision of the State of New Mexico. Defendants Mark Caldwell and Mark Gallegos are the current or former Wardens of the Santa Fe Adult Detention Center, which is operated in whole or in part, by the County of Santa Fe. Defendants John Does 1-10 are persons or entities presently unknown to the Defendant who failed to provide medical services to the Plaintiff while incarcerated and acted either in their individual and/or official capacities.

2. Liability of the Defendant Santa Fe County and its employees for statutory and common-law torts is permitted subject to the New Mexico Tort Claims Act (NMTCA), Section 42-4-1 to 41-4-29, NMSA 1978 Comp. Specifically, Section 41-4-12, NMSA 1978 waives immunity with regard to law enforcement officers while acting within the scope of their duties for personal injury, bodily injury, wrongful death or property damages resulting from deprivation of any rights, privileges or immunities secured by the constitution of and the laws of the United States or the State of New Mexico.

## PARTIES

3. The Plaintiff was a resident of the County of Santa Fe, State of New Mexico at all relevant times.

4. Defendant Santa Fe County, New Mexico, pursuant to Article X of the Constitution of the State of New Mexico, is a lawfully and duly formed political subdivision of the State of New Mexico.

5. Defendant Board of County Commissioners is the body politic duly formed and authorized pursuant to constitutional and statutory authority to govern and operate the responsibilities of the County of Santa Fe, State of New Mexico.

6. Mark Caldwell, at all times relevant hereto is now the acting Warden of the Santa Fe Adult Detention Center, which is located within Santa Fe County, State of New Mexico.

7. Mark Gallegos, at all times relevant hereto was the acting Warden of the Santa Fe Adult Detention Center, which is located within Santa Fe County, State of New Mexico at the time when Plaintiff was incarcerated at the Santa Fe Adult Detention Center.

8. The Santa Fe Adult Detention Center is a detention center located within the County of Santa Fe and is operated by the County of Santa Fe to house inmates.

9. John Does 1-10 are persons or entities, acting in their individual and/or official capacities, whose identity is currently unknown to the Plaintiff but who are believed to have failed to render medical services to the Plaintiff in violation of the Plaintiff's rights, privileges or immunities secured by the constitution of and the laws of the United States or the State of New Mexico.

## OPERATIVE FACTS

10. At all times material hereto, pursuant to Article X of the Constitution of the State of New Mexico the Defendant Santa Fe County, New Mexico, by and through its Board of County Commissioners, and their designated agents, including Defendants Caldwell and Gallegos and John Does 1-10, operated and controlled the Santa Fe Adult Detention Center, a jail and place of confinement, wherein individuals charged with and/or convicted of various crimes are imprisoned and/or detained pending criminal proceedings.

11. At all times material hereto, Defendant Board of County Commissioners of the County of Santa Fe, New Mexico, pursuant to the authority granted and imposed by law, conducted the business of the County of Santa Fe and all duties and responsibilities associated therewith and

duties imposed by law, including but not limited to, the detention, housing and imprisonment of individuals charged with and/or convicted of various crimes.

12. At all times material hereto, Defendant Mark Caldwell and Mark Gallegos were employed as the Wardens of the Santa Fe Adult Detention Center with the responsibility for the daily operations of the Santa Fe Adult Detention Center, including the training, education and supervision of the persons employed to work within the Santa Fe Adult Detention Center, including John Does 1-10.

13. On September 14, 2012, the Plaintiff was booked into the Santa Fe Adult Detention Center on a warrant for failure to appear before the Court on minor vehicle operation citations.

14. At all times relevant hereto, and on September 14, 2012, the Plaintiff suffered from various serious medical conditions relating to a kidney transplant, which required the Plaintiff to take multiple medications, including but not limited to anti-rejection medications, narcotic pain medications and other related medications.

15. At all times relevant hereto, and on September 14, 2012, the Plaintiff was under the regular and constant medical care from one or more medical doctors, who prescribed a series of medications for the treatment of the various conditions from which the Plaintiff suffers.

16. At the time the Plaintiff entered the Santa Fe Adult Detention Center, he explained to the employees at the Santa Fe Adult Detention Center his need for specific medications, including anti-rejection medications related to the kidney transplant and setting forth the schedule according to which the Plaintiff was to receive and take the medication.

17. Despite having full knowledge of the prescription medications which the Plaintiff was required to take, the Defendants, through their appointed agents and employees, refused to provide the Plaintiff with his required medically prescribed medications.

18. The Plaintiff immediately began to suffer symptoms related to not receiving his medication, including vomiting, diarrhea and other ramifications.

19. The Plaintiff immediately told the guards at the Santa Fe Adult Detention Center that he needed medical attention but was repeatedly told he would get it later.

20. Despite the Plaintiff's repeated requests, he did not receive the medical attention until he became so ill he became dizzy and fainted, hitting his head and body on various hard objects.

21. As a direct and proximate result of the refusal of the Defendants to provide the Plaintiff with his prescribed medications, the Plaintiff almost immediately began to suffer physical ailments and illnesses, including vomiting, diarrhea, becoming dizzy, fainting and hitting his head and body on one or more objects.

22. As a direct and proximate result of the refusal of the Defendants to provide the Plaintiff with his prescribed medications, the Plaintiff suffered grave and serious medical complications which could have included the rejection by his body of the kidney which had previously been transplanted.

## FEDERAL CIVIL RIGHTS CAUSE

23. In violation of the Plaintiff's federally protected civil rights under 42 USC Section 1983 in total disregard of the constitutional rights of the Plaintiff as secured by the Constitutions of the State of New Mexico and of the Untied States of America, in total disregard of the statutory rights of the Plaintiff, and in total disregard of the duties and responsibilities of Defendants, including but not limited to Defendants' duties and responsibilities to appropriately address and treat the medical conditions suffered by persons in their custody, and specifically the medical conditions of Plaintiff, subject Plaintiff to cruel and unusual punishment by denying the Plaintiff his prescribed medications and course of treatment and thereby caused Plaintiff to suffer great

and debilitating pain and suffering, to the point of near death and did so with deliberate indifference, in that the Plaintiff had provided Defendants with the actual prescribed medications required and the schedule of their administration, yet Defendants chose to ignore the same and embarked on a deliberate course of denying Plaintiff the medications necessary to preserve his life and health.

24. Defendants acts were committed under the color of state law and those acts deprived the Plaintiff rights, privileges and immunities secured by the Eighth Amendment to the Constitution of the United States.

25. As a direct and proximate cause of the violation of civil rights by Defendants, Plaintiff suffered damages in an amount to be proven at trial of this cause.

26. As a direct and proximate cause of the violation of the Plaintiff's civil rights by the Defendants, Plaintiff is entitled to an award of attorney's fees.

## NEGLIGENT TRAINING AND SUPERVISION

27. It was the responsibility of Defendants Caldwell and Gallegos as Wardens of the Santa Fe Adult Detention Center, and the Board of County Commissioners of Santa Fe County to insure enforcement of appropriate policies, procedures and protocols regarding the performance of its Correction Center and the persons employed therein, including procedures and protocols regarding the medical care and treatment of persons in its custody and control.

28. Said Defendants failed to properly train and supervise its employees, including Defendants John Does 1-10, and as a direct and proximate cause thereof, Plaintiff was damaged has herein after alleged.

29. As a direct and proximate cause of the said Defendants' failure to comply with its duty, Plaintiff suffered damages in an amount which will be proven at the trial of this cause.

## NEGLIGENT ADMINISTRATION OF MEDICAL TREATMENT

30. It was the responsibility and duty of the Defendants to reasonably render medical care, including the administration of prescription medication, to persons like the Plaintiff who are detained in the Santa Fe Adult Detention Center.

31. The Defendants breached their duty to reasonably administer medical care, including the administration of prescription medication to the Plaintiff by failing to properly administer his prescription medication and failing to promptly procure medical treatment for the Plaintiff when he repeatedly informed the Defendants, through their agents and employees acting within the scope of their employment, including John Does 1-10, that he was in need of medical care.

32. As a direct and proximate result of the Defendants breach of their duties, the Plaintiff suffered damages, including grave illness, bodily harm, emotional harm, pain and suffering.

33. As a direct and proximate result of the Defendants breach of their duties, the Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants for compensatory damages in an amount to be proven at trial of this cause, including actual damages, damages for pain and suffering, costs and attorneys' fees, and such further relief as this Court deems just in the premises.

Respectfully Submitted,

_____
Stephen M. Peterson
Attorney for Plaintiff
P.O. Box 2259
Ranchos de Taos, NM 87557-2259
Tele. Ph. 575-758-3071